UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS, and THE HIGHWAY, ROAD AND STREET CONSTRUCTION LABORERES LOCAL UNION 1010,<br><br>          Plaintiffs,<br><br>    -against-<br><br>PEDUTO CONSTRUCTION CORP.<br><br>          Defendants. | 20 CV_____<br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1. This is a civil action under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans and dues check-offs and other contributions that an employer was required to withhold from its employees' pay and forward to a labor union.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1367 and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Plaintiff The Highway, Road and Street Construction Laborers Local Union 1010 (the "Union," together with the Funds, the "Plaintiffs") is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union maintains its principal place of business at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357

6. Upon information and belief, defendant Peduto Construction Corp. ("Peduto") is a domestic business corporation incorporated under the laws of the State of New York, with its principal place of business at 28 Moran Place, New Rochelle, New York 10801. At all relevant times, Peduto was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.engaged in the construction business.

## STATEMENT OF FACTS

**The Collective Bargaining Agreement**

7. At relevant times herein, Peduto was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Union.

8. The CBA requires Peduto to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

9. Additionally, the CBA requires Peduto to forward specified dues check-offs and other contributions to the Union for each hour of Covered Work performed by Peduto's employees.

10. The CBA also requires that Peduto submit contributions and remittance reports detailing the number of hours of Covered Work performed by its employees on or before the 35th day following the close of the month in which the hours were worked.

11. Pursuant to the CBA, if an employer fails to pay contributions when due, the employer is liable to the Funds for interest on the amount of unpaid contributions at an annual rate of ten percent 10% and liquidated damages.

12. Pursuant to the CBA, in the event the Funds are required to employ an attorney to collect the contributions due and owing, Peduto is obligated to pay to the Funds its attorneys' fees.

13. The CBA provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein" ("Trust Agreements").

14. The Trust Agreements provide that in operating and administering the Funds, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

15. Pursuant to the Trust Agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, Peduto is bound to the terms of the Collection Policy.

16. Article II of the Collection Policy provides that if Peduto fails to make contributions when due, Peduto is liable to the Funds for interest on the amount of unpaid contributions at an annual rate of ten percent (10%) and liquidated damages of ten percent (10%) of the amount of the unpaid contributions, reasonable collections expenses, and attorneys' fees and costs.

17. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA. In addition, Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

**Delinquent Remittance Reports, Contributions and Union Assessments**

18. The CBA requires Peduto, *inter alia*, to report to the Funds the number of hours of Covered Work performed by each employee.

19. Peduto failed to report the number of hours of Covered Work performed by each of its employees for the period March through October 2019. Accordingly, Peduto owes contributions in an unknown amount for the period March through October 2019.

20. Peduto also failed to forward the Union, union assessments of $613.20 in connection with Covered Work performed in July 2017.

21. Pursuant to the CBA, the documents and instruments governing the Funds, and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, Peduto is liable to the Funds for: (1) contributions in an unknown amount for the period March through October 2019; (2) interest on the unpaid contributions at an annual rate of ten percent (10%); (3) liquidated damages of ten percent (10%) of the principal amount of the delinquency; (4) all reasonable attorneys' fees, expenses, and collection costs incurred by Plaintiffs; and (5) other such legal or equitable relief the Court deems appropriate.

22. With respect to the unpaid union assessments Peduto oes in connection with Covered Work performed in July 2017, pursuant to the CBA, the documents and instruments governing the Funds, and Section 301 of the LMRA, 29 U.S.C. 185, the Union is entitled to recover: (1) unpaid union assessments of $613.20 for the period July 2017; (2) reasonable attorneys' fees and collection costs incurred by the Plaintiffs in this action; and (3) such other legal or equitable relief as the Court deems appropriate.

### **FIRST CLAIM FOR RELIEF AGAINST PEDUTO**
*Unpaid Contributions Under 29 U.S.C. § 1145*

23. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

24. Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

25. The CBA requires that Peduto make contributions to the Funds for all Covered Work it performed.

26. Peduto failed to submit reports and contributions for the period March through October 2019. Accordingly, Peduto owes the Funds contributions in an unknown amount for the period March through October 2019.

27. Section 502(g) of ERISA provides that upon a finding of an employer violation of Section 515 of ERISA, the Court shall award to the plaintiff the unpaid benefit contributions, interest on the unpaid contributions, liquidated damages, and attorneys' fees and costs and disbursements incurred in the action.

28. Pursuant to the CBA, the documents and instruments governing the Funds, and section 502(a)(3) and 515(g)(2) of ERISA, 29 U.S.C. § 1132(a)(3), (g)(2) and § 1145, Peduto is liable to the Funds for: (1) contributions in an unknown amount in connection with Covered Work performed by its employees during the period March through October 2019; (2) interest on the delinquent contributions at an annual rate of ten percent (10%); (3) liquidated damages of ten percent (10%) of the principal amount of the delinquency; (4) all reasonable attorneys' fees, expenses, and collection costs incurred by Plaintiffs; and (5) such other legal or equitable relief as the Court deems appropriate.

### SECOND CLAIM FOR RELIEF AGAINST PEDUTO
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

29. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

30. Section 301 of the LMRA, 29 U.S.C. §185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

31. Peduto violated the terms of the CBA when it failed to submit remittance reports and contributions to the Funds for the periods covering March through October 2019.

32. Peduto also violated the terms of the CBA when it failed to remit to the Union all union assessments for the period July 2017 of $613.20.

33. With respect to the delinquent contributions, pursuant to the CBA, the documents and instruments governing the Funds, Section 301 of the LMRA, 29 U.S.C. § 185, Peduto is liable to the Funds for: (1) contributions in an unknown amount for the period March through October 2019; (2) interest on the unpaid contributions at an annual rate of ten percent (10%); (3) liquidated damages of ten percent (10%) of the principal amount of the delinquency; (4) all reasonable attorneys' fees, expenses and costs incurred by Plaintiffs; and (5) such other legal or equitable relief as the Court deems appropriate.

34. With respect to the delinquent union assessments, pursuant to the CBA, the documents and instruments governing the Funds, Section 301 of the LMRA, 29 U.S.C. § 185, the Union is entitled to recover: (1) delinquent union assessments of $613.20; (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (3) such other legal or other equitable relief as the Court deems appropriate.

**WHEREFORE**, plaintiffs respectfully request that this Court:

1. Award judgment in favor of Plaintiffs and against Peduto for its failure to timely remit reports and contributions required by the CBA for the period March through October 2019;

2. Award judgment in favor of the Union and against Peduto for its failure to remit all union assessments to the Union as required by the CBA for the period July 2017;

3. On Plaintiffs' First Claim for Relief, order Peduto to pay the Funds: (1) contributions in an unknown amount for the period March through October 2019; (2) interest on the delinquent contributions adjudged to be due and owing at an annual rate of

ten percent (10%); (3) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (4) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (5) such other legal or equitable relief as the Court deems appropriate;

4. On Plaintiffs' Second Claim for Relief, with respect to the delinquent contributions, order Peduto to pay the Funds: (1) contributions in an unknown amount for the period March through October 2019; (2) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten percent (10%); (3) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (4) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (5) such other legal or equitable relief as the Court deems appropriate;

5. On Plaintiffs Second Claim for Relief, with respect to the delinquent union assessment for the period July 2017, finding that the Union is entitled to recover: (1) union assessments of $613.20; and (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and

6. Award Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 8, 2020

**VIRGINIA & AMBINDER, LLP**

By:____/s/_____
Adrianna R. Grancio, Esq.
Charles R. Virginia, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
*Attorneys for Plaintiffs*